United States Courts
Southern District of Texas
FILED
October 23, 2020
David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | CR. NO 4:19-363S-01 |
| vs. § | |
| § | |
| **ALDO RIGOBERTO GUERRA-GUEVARA** § | |
| **Defendant.** § | |

# PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Edward F. Gallagher, Assistant United States Attorney, the Defendant, ALDO RIGOBERTO GUERRA-GUEVARA ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

## Defendant's Agreement

1. Defendant agrees to plead guilty to Counts One and Two of the Superseding Indictment. Count One charges Defendant with Conspiracy to Possess with Intent to Distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii). Count Two charges Defendant with Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

**Punishment Range**

2.     The **statutory** maximum penalty for each violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(ii) is imprisonment of not less than 10 years or more than life, and a fine not to exceed more than $10 million. Additionally, Defendant shall serve a term of supervised release after imprisonment of no less than five (5) years. The maximum penalty for each violation of Title 18, United States Code, Section 1956(h) is imprisonment of up to 20 years, and a fine not to exceed $500,000 or twice the value of the property involved. Additionally, Defendant shall serve a term of supervised release after imprisonment of up to three (3) years. Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to five (5) years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, Sections 3559(a)(1) and 3583(e)(3).  Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3.     Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4.     Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he is not a citizen of the United States,

by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty and the Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.  Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255.  In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

7.  The United States agrees to each of the following:

(a)  If Defendant pleads guilty to Counts One and Two of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will bring no further charges arising from the facts of this investigation and move to dismiss the original indictment the time of sentencing; and

(b)  Pursuant to 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the Defendant agree that a sentence of 180 months is the appropriate sentence for the Defendant in this case.

### Agreement Binding - Southern District of Texas Only

8.  The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.  It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

9.  The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)  to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)  to set forth or dispute sentencing factors or facts material to sentencing;

(c)  to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

    (d)    to file a pleading relating to these issues, in accordance with § 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, § 3553(a); and

    (e)    to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

10.    Because the parties have agreed to specific sentence pursuant to Fed. Rule of Crim. Proc. 11(c)(1)(C), if the Court rejects the plea agreement the Court must do on the record or in open court (or, for good cause, in camera): (a) inform the parties that the Court rejects the plea agreement; (b) advise the Defendant personally that the Court is not required to follow the plea agreement and give the Defendant an opportunity to withdraw the plea; and (c) advise the Defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the Defendant than the plea agreement contemplated.

## Rights at Trial

11.    Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    (a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

    (b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

    (c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to

testify. However, if Defendant desired to do so, he/she could testify on his own behalf.

## Factual Basis for Guilty Plea

12. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One and Two of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Between October 2018 and January 2019, **Defendant** engaged in a conspiracy with others, including but not limited to, Hermes Tomasichi-Ledezma, Jose Guillermo Ramirez, Aldo Fernando Soto, Eluid Alejandro Rodriguez Garcia, Alejandro Valenzuela-Razo, and Silvano Adame Jr., to possess with intent to distribute cocaine and to launder cash proceeds from cocaine sales. **Defendant** facilitated the distribution of cocaine and drug proceeds in and around the Houston area. **Defendant** knew that the cocaine came from Mexico. The proceeds from the cocaine sales were transported in hidden compartments or within cargo going back to Mexico.

**Defendant** was intercepted in numerous BlackBerry messenger communications with the source of supply of drugs in Mexico, known as LIC. These communications began in November 2018 and led to a specific seizure of fifty (50) kilograms of cocaine by DEA on January 8, 2019 in Houston. Defendant specifically referenced this narcotics load in conversations with LIC on January 7, and 8, 2019. Defendant's cellular telephone was also the subject of a wiretap in Houston between December 21, 2018, and January 8, 2019, with numerous conversations relating to drug trafficking. **Defendant** communicated with Silvano Adame, Jr. by telephone and with LIC by BlackBerry messenger about the 50 kilograms of cocaine and 56 bundles of cash moving out of the warehouse.

As a result of the communications between **Defendant**, LIC, and Silvano Adame, Jr., DEA set up surveillance on Adame and followed him to a storage facility in Houston on January 8, 2019. Agents observed Silvano Adame, Jr. leave the storage facility. Subsequently, Adame was traffic stopped and agents discovered fifty (50) kilograms of cocaine in a hidden compartment. Adame and others identified **Defendant** as the Houston supervisor for the cocaine and cash movements. Not long after, a tractor-trailer, driven by co-defendant Alejandro Valenzuela-Razo, departed the same storage facility and was stopped outside of Houston. Agents seized $687,335 in U.S. currency in 56 bundles marked with the name of co-defendant "TIO," Jose Guillermo Ramirez.

A laboratory analysis of the cocaine seized on January 8, 2019 showed the drugs were in fact five kilograms or more of cocaine, a Schedule II controlled substance.

**Restitution, Forfeiture, and Fines – Generally**

13. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

14. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

15. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

16. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Forfeiture**

17.     Defendant stipulates and agrees that the certain property listed in the Superseding Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of the following property:

1) Real Property located in Hempstead, Texas, together with all improvements, buildings, structures and appurtenances, described as:

    10.9069 acre tract of land being that certain called 10.915 acre tract of land as conveyed to Francis D. Rex and wife, Claudia L. Rex by instrument recorded in Volume 347, Page 162 of the of the Official Public Records of Waller County, Texas.

2) Real Property located in Hempstead, Texas, together with all improvements, buildings, structures and appurtenances, described as:

    A tract or parcel of land containing 1.01 acres, being out of a certain called 10.915 acre tract known as tract as per partition deed recorded in volume 314, page 699 of the Waller County Deeds Records.

3) The following vehicles:

    (a)     2016 Jeep Wrangler VIN 1C4HJWFGXGL170494

    (b)     2017 Ford Raptor VIN 1FTFW1RG1HFA74132

    (c)     2017 Ford F-350 VIN 1FT8W3DT8HED07003

    (d)     2001 Barrett Horse Trailer

    (e)     2018 Chevrolet Suburban VIN 1GNSCJC9JR353712

The Government and Defendant agree that no other property is subject to forfeiture as to Defendant except that listed above.

18.     Defendant stipulates and agrees that Defendant obtained at least an amount equal to the value of the above listed property from the criminal offenses and that the factual basis for his guilty plea supports the above property as proceeds of his criminal conduct or property that

facilitated his criminal conduct. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists.  Defendant agrees to forfeit the above property is substitution in satisfaction of a money judgement.

19. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

20. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

21. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

22. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. The Government and Defendant agree that no fine be imposed in this case and that the agreed forfeiture would otherwise satisfy any fine otherwise imposed.

**Complete Agreement**

23. This written plea agreement, consisting of 11 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant