United States District Court
Southern District of Texas
**ENTERED**
July 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. H-19-363-1 |
| § | CIVIL ACTION NO. H-23-32 |
| § | |
| ALDO RIGOBERTO GUERRA- § | |
| GUEVARA § | |
| (BOP # 92467-479) § | |

## MEMORANDUM OPINION AND ORDER

Aldo Rigoberto Guerra-Guevara (BOP # 92467-479), representing himself, has filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, challenging his 2020 convictions for cocaine possession and money laundering. The respondent answered with a motion to dismiss, arguing that the petition is barred by the governing one-year statute of limitations. Guerra-Guevara has filed a response. After considering Guerra-Guevara's § 2255 motion, the record, and the applicable law, the court dismisses the motion because it was filed too late. The reasons are explained below.

### I. Background

In October 2020, Guerra-Guevara pleaded guilty to one count of possession with intent to distribute five kilograms or more of cocaine and one count of conspiracy to commit money laundering. (*See* Docket Entry Nos. 191, 192, 239; Minute Entry for 10/23/2020). On March 10, 2021, Guerra-Guevara was sentenced to 168 months in prison as to each count, to be served concurrently and to be followed by 5 years of supervised release. (*See* Minute Entry for 3/10/2021). Guerra-Guevara did not file a direct appeal of his conviction or sentence.

Guerra-Guevara filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 on December 28, 2022. (Docket Entry Nos. 303, 304). Guerra-Guevara argues that his

attorney provided ineffective assistance based on his failure to file an appeal, his failure to adequately explain and discuss the decision to plead guilty and not go to trial. He further asserts that his attorney's failure to discuss the plea means his guilty plea was entered unknowingly, unintelligently, and involuntarily. He admits that his § 2255 motion is untimely, but he asserts that he is entitled to equitable tolling due to the COVID-19 pandemic.

The respondent has answered by filing a motion to dismiss, arguing that Guerra-Guevara's § 2255 motion is time-barred. (Docket Entry No. 317). Guerra-Guevara has responded. (Docket Entry No. 318).

## II. Analysis

### A. The Statute of Limitations

A motion under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] When, as here, a defendant does not appeal, his conviction becomes final 14 days after judgment is entered, and any § 2255 motion must be filed within a year after this date. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008);

---

[1] Section 2255 also provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

*see* Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26(a)(1). Judgment was entered in Guerra-Guevara's case on March 11, 2021, and became final on March 25, 2021. The last day on which Guerra-Guevara could have timely filed a § 2255 motion was March 25, 2022. Guerra-Guevara's motion, filed on December 28, 2022, was more than nine months too late to be considered on the merits unless he shows that equitable tolling applies to extend the deadline.[2]

B.     **Equitable Tolling**

Equitable factors can extend the limitations period only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (explaining that equitable tolling applies only "in rare and exceptional circumstances"). A "[habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. A "garden variety claim

---

[2] Although Guerra-Guevara admits that his § 2255 motion was not filed timely, he also appears to argue that the limitations period contained in 28 U.S.C. § 2255(f)(2) should apply, based on the institutional lockdowns he experienced related to the COVID-19 pandemic. (*See* Docket Entry No. 303 at 11; Docket Entry No. 318 at 2). When considering the issue of whether COVID-19 related restrictions qualify as an impediment created by governmental action that would extend the limitations period under § 2255(f)(2), several courts have found that "COVID-19 related restrictions are not 'unconstitutional or illegal government-created impediments' within the context of § 2255(f)(2), because such emergency responses are neither unconstitutional nor illegal." *United States v. Thompson*, Criminal Action No. 17-225, 2023 WL 2499190, at *3 (E.D. La. Mar. 14, 2023) (citing cases); *see also United States v. Latin*, Cr. No. 17-514 JMS (03), 2022 WL 676670, at *3–4 (D. Haw. Mar. 7, 2022) (rejecting the movant's argument that the closure of the prison law library and other restrictions during the COVID-19 pandemic constituted government-induced impediments under § 2255(f)(2)). Nor does a transfer between prison institutions qualify as a government-created impediment that tolls the limitation period. *See United States v. Williams*, Criminal Action No. 13-286, 2019 WL 2603657, at *2 (E.D. La. June 25, 2019).

of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Neither lack of knowledge of the law or filing deadlines nor layman status excuses delay. *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (citing cases). The habeas petitioner has the burden of justifying equitable tolling. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Guerra-Guevara argues that he is entitled to equitable tolling because "he has been exercising due diligence in which to file his motion. However, the COVID-19 pandemic created hardships, institutional restrictions, no access to legal material or law library, transfers, and hold overs while being in transit" that impeded his ability to timely file his § 2255 motion. (Docket Entry No. 303 at 10). In his response to the government's motion to dismiss, Guerra-Guevara elaborates on his argument that he is entitled to equitable tolling:

> . . . Due to the COVID-19 Pandemic, Petitioner Guerra-Guevara constantly experienced numerous institutional lock-down status during Marshal transport and while at the institution. He was exposed to a hard time detention facility.
>
> Here, there are several factors to consider at times the institution was currently operating a communal segregation prison limiting liberty interest afforded to the inmates in General population.
>
> It is not surprising and nothing new to the Courts and the BOP, that the access to recreational services was limited to only three times per week or less, to none at all, and at times less than one hour each time. At times several days can pass without any recreation at all making the facility intolerable.
>
> The petitioner at times spent in his cell an excess of 22 hours in a single day period, which can amount to solitary confinement and serious and significant deprivation of liberty. The lack of movement an inmate who is not in protection segregation, isolated segregation, administrative segregation, or otherwise disciplinary segregation is subjected to the aforementioned treatment creating a disproportionate punishment to offense. Personal hygiene is significantly degraded which depends on the inmate population which is transient in nature to maintain cleanliness of the facility and common illness, which are easily avoidable, become a problem that the already limited medical staff is unable to suppress before the entirety of the inmates is affected. During normal operations inmates have the opportunity to utilize hair care to cut and maintain our hair but due to the lockdown

>we have been unable to even cut our hair. Medical care was scarce since the beginning of the lockdown due to COVID-19. It can take months to see medical staff, including dental, medical and mental health doctors. After applying to see any medical staff during his pandemic and continuously awaiting for a response, if any, confined to your cell up to 22 hours [o]ut of a 24-hour day easily depletes your mental health. The situation created a serious issue for those inmates dealing with depression, anxiety, and timeliness to prepare, brief and file their appeals.

(Docket Entry No. 318 at 2–3).

Guerra-Guevara has eloquently described the hardships of incarceration during COVID, but he has not met his burden to show that he is entitled to equitable tolling. First, while restricted access to a prison law library may toll limitations, *see United States v. Saenz-Lopez*, 361 F. App'x 593, 595 (5th Cir. 2010) (noting that a movant's allegation that the lack of access to a prison law library due to lockdowns created an impediment to filing his § 2255 motion might, "if proven," "support tolling under § 2255(f)(2)") (per curiam) (citing *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003)), Guerra-Guevara has not shown that tolling applies here. To invoke equitable tolling due to the inability to visit the prison law library, a movant must show that "the lack of library access . . . 'actually *prevented* [him] from timely filing his habeas petition.'" *United States v. Clay*, Criminal No. 2:18-1282-10, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021) (quoting *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011)) (emphasis in original); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that there is no "abstract, freestanding right to a law library or legal assistance"); *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment.").

Besides his statement that he had no access to legal material or the law library during COVID lockdowns, Guerra-Guevara does not offer any specific factual explanation on how this lack of access prevented the timely filing of his federal habeas motion. For example, Guerra-

Guevara does not explain what additional legal materials he needed to timely file a § 2255 motion or why lack of access to those materials prevented his timely filing. Notably, the § 2255 form petition does not require a movant to argue or cite case law; in fact, it states that a movant should *not* do so and instead provide only the facts that support the movant's claims. Guerra-Guevara does not allege that he lacked access to the prison mail system during the limitations period or that he was physically prevented from mailing his § 2255 motion.

Guerra-Guevara's allegation that there were lockdown periods when he could not access the legal materials in the law library, without facts describing how the lack of access prevented him from timely filing his habeas motion, is not an extraordinary circumstance that warrants equitable tolling. *See Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) (holding that the petitioner was not entitled to equitable tolling because he "could not show extraordinary circumstances, as his circumstances were not different from any other prisoner attempting to access legal resources, as they were all subject to COVID-19 protocols"); *United States v. Pizarro*, Criminal Action No. 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (rejecting the inmate's argument that the COVID-19 lockdown in his prison impeded his access to the law library when the inmate did not present any evidence that the diminished library access actually prevented him from filing); *Delarosa v. Director, TDCJ-CID*, Civil Case No. 3:21-CV-2414-D-BK, 2022 WL 850041, at *2 (N.D. Tex. Feb. 22, 2022) (holding that the petitioner was not entitled to equitable tolling because he had shown "no causal link between the pandemic-related impediments identified in his response—intermittent lockdowns and limited access to the law library—and his inability to file the federal petition"), *R&R adopted by*, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022); *Coppin v. United States*, No. 3:15-CV-3869K, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) ("An institutional lockdown . . . is not itself a

rare and exceptional circumstance that warrants equitable tolling."); *Pryor v. Erdos*, Case No. 5:20cv2863, 2021 WL 4245038, at *9 (N.D. Ohio Sept. 17, 2021) (rejecting the prisoner's argument that COVID-19 prevented him from having access to legal materials and holding that the prisoner was not entitled to equitable tolling because he failed "to sufficiently explain what additional materials he needed or why lack of access to those materials actually prevented him from timely filing his petition").

Nor does Guerra-Guevara's allegation that he was subject to transfers and "hold overs while being in transit" entitle him to equitable tolling. *See United States v. Cockerham*, Civil Action No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012) ("Transfers to other facilities resulting in separation from legal papers are not rare and extraordinary and do not warrant equitable tolling.") (citing cases); *United States v. Williams*, Criminal Action No. 13-286, 2019 WL 2603657, at *2 (E.D. La. June 25, 2019) ("Transfer between prison institutions does not qualify as an extraordinary circumstance . . . that tolls the limitations period.").

Last, while mental illness may support equitable tolling in some instances, *see Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), Guerra-Guevara's oblique references that he suffered from depression and anxiety due to conditions created by the COVID-19 pandemic do not meet his burden to show that he faced rare and exceptional circumstances. Guerra-Guevara fails to explain how the fact that some inmates were depressed or anxious during COVID lockdowns prevented him from timely filing a federal habeas petition. *See, e.g.*, *Lara v. Thaler*, No. 3:12-cv-4277-N-BK, 2013 WL 2317063, at *3 (N.D. Tex. May 28, 2013) ("Unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling."); *Workman v. Stephens*, No. 3:13-CV-4058-D, 2014 WL 323274, at *3 (N.D. Tex. Jan. 29, 2014) (explaining that while

mental illness may support equitable tolling of the limitations period, it does not do so as a matter of course and the movant still bears the burden of proving rare and exceptional circumstances); *Geis v. United States*, No. 3:09-CV-2038-M, 2010 WL 1236408, at *3 (N.D. Tex. Mar. 2, 2010) (finding that the movant was not entitled to equitable tolling based on his mental health because he "failed to supply the necessary details, such as when and how long he was mentally impaired during the one-year period, and how such impairment interfered with his ability to file a § 2255 application in a timely manner. The mere fact that Movant suffered from a mental ailment or depression during the one-year period in insufficient to toll the limitations period on equitable period."), *R&R adopted by*, 2010 WL 1257302 (N.D. Tex. Mar. 30, 2010); *United States v. Chisolm*, Criminal Action No. 16-00033-BAJ-RLB, 2022 WL 17869229, at *6 (M.D. La. Dec. 22, 2022) (holding that the movant did not show that his mental illness established extraordinary circumstances justifying equitable tolling because he failed to explain how his illness prevented him from pursuing his legal rights).

Guerra-Guevara is not entitled to tolling of the one-year statute of limitations because he has not shown that some extraordinary circumstance stood in his way and prevented timely filing. His § 2255 motion is dismissed as untimely.

**III.     Certificate of Appealability**

A certificate of appealability is required before Guerra-Guevara may appeal. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (§ 2254 and § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless a defendant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The defendant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). As to claims that a district court rejects solely on procedural grounds, the defendant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After carefully considering the record, the court concludes that reasonable jurists would not find debatable or wrong the conclusion that Guerra-Guevara's claims are untimely. No certificate of appealability is issued.

### IV.    Conclusion

Guerra-Guevara is not entitled to relief under 28 U.S.C. § 2255. The government's motion to dismiss, Docket Entry No. 317, is granted. Guerra-Guevara's § 2255 motion, Docket Entry No.

9

303, is denied. No certificate of appealability will issue. Final judgment in the civil action, 4:23-cv-32, is entered by separate order.

SIGNED on July 26, 2023, at Houston, Texas.

                                                        Lee H. Rosenthal
                                        United States District Judge